BEFORE THE FIRST DIVISION, JULY 25, 1967

No. P67/250.—Eldon Industries, Inc. v. United States, protests 63/23076, 64/14258, and 63/10988 (Los Angeles).

OLIVER, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of motors similar in all material respects to those the subject of *James G. Wiley Co., a/c Ungar Electric Tools, Inc.* v. *United States* (49 Cust. Ct. 199, Abstract 66961), the claim of the plaintiff was sustained.

BEFORE THE SECOND DIVISION, JULY 27, 1967

No. P67/251.—Mitsui & Co., Ltd. v. United States, protests 65/25630(A), etc. (New York).

RAO, C. J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of waterproof cloth similar in all material respects, including waterproofing, to the velveteen cloth the subject of *Amity Fabrics, Inc.* v. *United States* (51 Cust. Ct. 97, C.D. 2416), the claim of the plaintiff was sustained.

BEFORE THE FIRST DIVISION, JULY 31, 1967

No. P67/252.—Louis Marx & Co., Inc. v. United States, protest 59/20772 (New York).
No. P67/253.—Polk's Model Craft Hobbies, Inc., et al. v. United States, protests 64/18909 (A), etc. (San Francisco).
No. P67/254.—A. C. Gilbert Co. and Milton Snedeker Corp. v. United States, protest 66/5050 (New York).

OLIVER, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of miniature motors similar in all material respects to those the subject of *James G. Wiley Co., a/c Ungar Electric Tools, Inc.* v. *United States* (49 Cust. Ct. 199, Abstract 66961), the claim of the plaintiffs was sustained.
No. P67/255.—William Adams, Inc. v. United States, protest 66/4067 (New York).

OLIVER, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protest consists of various decorated

glassware items similar in all material respects to those the subject of *William Adams, Inc.* v. *United States* (56 Cust. Ct. 429, C.D. 2670), the claim of the plaintiff was sustained.

**No. P67/256.**—Dan Brechner & Co. *v.* United States, protest 66/65990 (New York).

OLIVER, J.   In accordance with stipulation of counsel that the merchandise covered by the foregoing protest consists of blown glass paperweights similar in all material respects to those the subject of *Ace Importing Co., Inc.* v. *United States* (44 Cust. Ct. 468, Abstract 64185), the claim of the plaintiff was sustained.

BEFORE THE SECOND DIVISION, AUGUST 1, 1967

**No. P67/257.**—Chadwick-Miller Importers, Inc. *v.* United States, protest 62/18542 (Boston).

RAO, C. J.   In accordance with stipulation of counsel that the merchandise covered by the foregoing protest consists of battery-operated manicure sets; that said merchandise contains as an essential feature an electrical element or device without which said articles would not operate, and does not contain an electrical heating element; and that the principles involved are the same as those in *Bruce Duncan Company, a/c Sims-Worms* v. *United States* (45 Cust. Ct. 85, C.D. 2202), the claim of the plaintiff was sustained.

BEFORE THE THIRD DIVISION, AUGUST 1, 1967

**No. P67/258.**—B. Westergaard & Co., Inc. *v.* United States, protest 66/5460 (New York).

RICHARDSON, J.   In accordance with stipulation of counsel that the merchandise covered by the foregoing protest consists of bread similar in all material respects to that the subject of *United States* v. *Nordic Baking & Importing Co., Inc.* (47 CCPA 78, C.A.D. 733), the claim of the plaintiff was sustained.